The case this morning is reyes v. linayao. I'm not sure I've pronounced any of that correctly, but presumably counsel will correct me as needed. And you may begin whenever you're ready. Good morning, your honors. James Geary of Hunter Ritchie DiBenedetto and Eisenbeiss. Your honor, I think this case can be boiled down to two simple issues. One is whether or not court rules and court orders must be followed. And secondly, whether or not the failure to follow those court rules and court orders prejudice my client. What's our standard of review? Isn't it abuse of discretion? Yes, your honor. I think that's fair to say with one or two other exceptions that were mentioned in the brief. But I understand it is difficult to argue that the trial court himself violated his own orders. But I think in this case it is blatantly clear that that's what happened. I think it's also clear that the rules of court, not the orders set down by the judge, but the rules of court were not followed, in particular rule 16. Your honor, I have done litigation for 30 years in California. And I can tell you one of the distinct advantages to trying cases in federal court is that in essence most of the issues are pre-tried. And counsel some months before trial have the ability to restrict the record, confine the record to the issues at hand. And when the court rules and the court orders are going to be violated, there has to be good cause. In this case, the violations were almost endemic from the beginning. But most importantly, the rule 16 violation in which the court allowed at the last moment a new cause of action, a cause of action based on a very specific statutory set of rules, and equally important, a new set of damages, including trebling of actual damages, that the defendants were not faced with until the eve of trial. Were these all new facts that had to be proved under the existing pretrial order? No, they were not, your honor, not even remotely close. So they were not new facts. It was all bound up in already what was before them.  I misunderstood the question, your honor. Many of the requirements under the new code section that was added to the complaint required very specific items of proof. For example, that an individual held themselves out as an immigration consultant. That was not covered in any discovery in any pre-court. The judge allowed additional discovery, right? And this is where we deal with the issue on the difference between whether or not I have to show prejudice to my client. Number one, I believe I can clearly show prejudice to my client based upon what happened after the discovery order was changed. But equally important, rule 16 prevents the addition of causes of action. For any reason, unless due diligence is shown by the plaintiff in asking for a last-minute change in the pleadings. Plaintiff's counsel admitted in the record, in declaration form, that he was aware of this code section throughout the entire case. And the document that he used to demonstrate that the business and professions code section should be brought into the case was a document that was entered into the federal court record in December of 2000. December of 2000. So that record sat there during the entire time that this complaint was unfiled, the discovery was done, the discovery was closed, the pretrial order was issued. And then it was raised at the very last moment. And to get to the point of the order, then, the judge allowing me to do discovery, in fact the judge allowed a very small window for me to solely take the deposition of the plaintiffs. I took the deposition of the plaintiffs and submitted a declaration along with the portions of their deposition responses, which I think what would be kind to say directly contradicted what they had said in their written discovery responses that had been filed or served on me years earlier. To the extent that even the contact with the defendant, the individual defendant, which in the discovery responses laid out a blow-by-blow description of the party's interaction with my individual client, complete with dates and things that were said, when the deposition was taken a few weeks before trial started, they denied ever meeting, ever talking, or ever communicating with that defendant. But the violation of the orders go much larger than that. If we go back to the federal rules basically trying to prevent trial by ambush, it wasn't just that this cause of action was added. Plaintiffs added scores of pages of documents that were facts to me a few days before trial. Virtually none of them listed in any sort of exhibit form. Documents that I was supposed to interpret and figure out what they were and listed ten new witnesses. Now the fact of the matter is the plaintiffs chose to only call one of those, but when you look at it from the standpoint of a litigator attempting to get ready for trial, literally on the eve of trial, how am I supposed to guess which, if not all of those parties or witnesses, which had not been listed as recently as a few weeks earlier in our pretrial conference order, had not been listed anywhere. The rule that the judge articulated at trial as to these sort of things, whether it be the plea agreement, the witnesses, or any of the documents in many cases that were incomprehensible, that were facts to me anywhere between 3.30 and midnight on the day that the plaintiff was supposed to conform with the order, there was absolutely no way that I could put those witnesses and those documents into a context so that one could properly prepare for trial. So I made my motion for continuance, made my motions during the trial, and the court's basic reaction was, and we have the quotes in the record in the briefs, if counsel or the defendants were in some manner aware of these things, well then there really isn't any prejudice. So for example, to bring it down to a very concrete case, the plea agreement which had been entered into the federal record in December of 2000 had not been produced, had not been mentioned, I wasn't the attorney of record for the criminal case, that's very clear, but the court took the position, well, at least the defendant that pled out to that charge knew about that, and therefore somehow or other I as the trial attorney was supposed to anticipate, not just on behalf of this defendant, but on behalf of the other defendants I was representing, that somehow or other it was going to come into the record. And it did. And that was generally the reaction of the trial court to every single offer made by the plaintiffs that was not included in any of their prior writings prior to either, in the case of the request to modify or to amend the complaint, a few weeks before the original trial date, and the addition of all of these documents, which by the way, if the court looks at the actual record of the exhibits that were submitted by plaintiffs, literally as the case was going on, the trial was going on, because the plaintiff did not follow the court order that a list of exhibits and the exhibits were to be attached to that document were to be given to me about a week before trial. That was not done. The plea agreement, which was entered into the record, is not even complete. If the court looks at the record at 1305, basically the plea agreement just tails off. It's clearly not finished. And that is a direct result of the failure to follow the court rules, the court orders, so that I could properly prepare for trial, properly look at these exhibits. I didn't notice that exhibit was short of a full exhibit until after the trial, because it had never been given to me. It had never been provided to me. And there's document after document described in the brief in which that sort of thing occurred. Remind me of the timing of this. When did these overnight faxes come in? The overnight faxes were June, well, we had our final pretrial on June 16th. And the court ordered that really two things in regards to the exhibits. One is that they be given to me, and two, that they not exceed, not go beyond the documents that had already been provided to me. And the court said those were to be over in my office on June 17th, recognizing trial was starting on July 1st. What really happened is, approximately 3.30 on June 17th, our fax started cranking out faxes hundreds upon hundreds of pages. I'm just trying to get the sequence. So you had a July 1st trial date. Yes. You got them about two weeks in advance. And I notified the court immediately the next day of my inability to respond to my portion of the court order, which was I was then supposed to add any exhibits that had not been included, that had already been exchanged. I couldn't make any sense out of the exhibits. They were just coming in in a stream. Exactly, Your Honor. And they did right up to and including trial. And were you able to demonstrate to the district court how many of those were documents you had not seen before? The ones that I had not seen before that were actually introduced, I did. The vast bulk of those documents were not introduced. So I was left with a situation in those last couple of weeks trying to figure out how did these, for example, there were a number of documents that pertained to wage claims, payroll lists, that sort of thing that were not introduced. And I was essentially trying to figure out what meaning did those documents have in the context of the trial, that's coming up. And that is, of course, why I filed, one of my primary reasons to file the motion for continuance, so that I could get a handle on, number one, having plaintiffs comply with the court orders, and number two, then seeing to it that I'm able to do the appropriate discovery that I needed to do. But I had no idea where most of these documents came from. The court said that they couldn't put in documents that you hadn't seen before. That was part of it. That's essentially what they had seen or had notice of. Okay. And in terms of the organization, did that get addressed at all, the lack of organization? You had to guess what they were relevant to? Only from the standpoint, as exhibits came in, as they were presented, I was handed a copy. And then I was trying to relate those copies to what I had attempted to index in my own folders. And, in fact, at the end of trial, I ended up providing defendant with a copy of his exhibits, because he didn't have copies of his exhibits. Okay. If you'd like to save your lesson, go ahead. I'd like to save just a little bit of time. Thank you, Your Honor. Mr. Emmerich.  Merrill Emmerich for the plaintiffs, the appellees. The defendants, in this case, of course, has a very high burden, the abuse of discretion burden. And they didn't address an oral argument, the constitutional claim. I'm prepared to address that, but I'll start first with the claimed abuse of discretion. When the court granted the leave to file the second amended complaint, counsel is not quite correct that the only document was a plea agreement entered in December of 2000. There were additional exhibits, namely the actual criminal judgment,  and also a letter from Ms. Linneo's criminal defense attorney in July. So there wasn't this significant gap of time. Nonetheless, it was within the court's discretion to allow the amendment. It's the same kind of activity that was complained of in the first amended complaint, which was a basis for a breach of contract and a fraud claim. And as the court has noted, Judge Ware granted the defendants additional time and the opportunity which they took to conduct additional discovery by taking depositions of the plaintiffs. How many new factual issues were involved in this amendment? None. There was simply a new cause of action asserted for statutory violation. As far as the pleadings go, as far as the evidence go, the facts were still the same, namely that the plaintiffs delivered money to the defendant to have legal services provided so they would be legal workers in this country, and it never happened. Well, if there are no new facts, why were depositions authorized? And what was the point of the depositions? I think the point of the deposition was that Judge Ware was giving the defense counsel an opportunity to conduct discovery so the defendant wouldn't be prejudiced as a result of this new claim. Counsel said it had to do with holding oneself out as an immigration consultant or whatever the... That's true, but that's a summary for what the activity is. It doesn't change the activity. And I think the fact that Judge Ware allowed the defendants to conduct discovery points again to the high standard that the defendants have for abuse of discretion. Judge Ware, a single assignment judge, had this case from the inception. He knew the parties, he knew the facts, he knew all of it. And he, therefore, has to have ability to control how his case is presented. Should it have been presented... That's kind of the purpose of Rule 16. Yes, it is, Your Honor, but it's also a purpose of the long-standing rule that the trial judge is given discretion to how these things are conducted. It's significant that all these complaint documents coming through on the fax machine, only one, as I understand it, that's in dispute, was introduced into evidence, and that is the criminal plea agreement of one of the defendants. It doesn't matter that she had a different criminal defense attorney. She's the defendant. She has to tell her lawyer this is what's going on. Well, I think all of us who were practicing lawyers know that sometimes more information is more confusion, and that in the guise of being completely forthcoming, a party will say, oh, I'll give you everything. Here is a whole warehouse full of documents just for you, when there are only three that might be of interest. And I guess if I'm concerned about anything, it is the sort of faxing of endless amounts of stuff that didn't get introduced. What was that about from your perspective? I think it was about panic, the trials coming, confusion. You know, it's easy for the members of the panel and for me, I wasn't there at trial to look back and shake our heads and say, this is not the way this should have been done. And I'm sure Mr. Hall, who's here in the audience, would say, if I had it to do over, I wouldn't have done it in this way. But there's no showing that there was an intent on Mr. Hall's part to cause confusion on the part of the defendants. And agreed, there was a lot of confusion, as we can see in the record, at the trial of the fumbling of exhibits and, oh, this is this index and whatever. But the only exhibit I see any complaint about from the brief concerns this plea entered into by the defendant. So I don't think there's been a showing that there was an abuse of discretion. Members of this panel sitting as trial judges or in previous life as trial attorneys might have done things differently. But there's nothing that we see that says, oh, this is completely off the charts, what Judge Ware did here, and no evidence of prejudice. Well, that may be the latter ground. I'm troubled by the first ground. I did try a lot of cases, as we all have, and it's frustrating to play by the rules and then have the opponent get away with sloppy lawyering, even if the intent isn't to create confusion, knowing that if the trial judge isn't going to enforce the rules, it's darn difficult to get the appellate court to step in under the abuse of discretion rubric. But what it does is diminish the federal court regime and the rules not to have them enforced, not draconianly enforced. But it is troublesome when a Rule 16 order may have been flouted a bit. I find that bothersome. I can appreciate that, Your Honor. And I think from the record, Judge Ware found it bothersome because he was critical of the defendant's conduct. It's not as though he simply ignored it. But taking into account the rights of the parties, particularly these immigrant health care workers, he decided, in his discretion, to allow the amendment. And all these facts, exhibits, weren't introduced into evidence. There was no document introduced into evidence that the defense hadn't seen before. No surprise document. I'm not suggesting that, in its opinion, the court should stand up and applaud for the conduct that occurred below. But I also don't believe the court should step in and reverse the decisions of Judge Ware, who was down there with the lawyers in the trenches. And I don't think the plaintiffs themselves should be penalized for what we can now say is kind of sloppy practice. And I don't think it detracts from the rules for the court to state, as it's true many times, these are the rules and this is the way we expect it to be done in federal court. There was also an issue raised regarding the constitutionality of the treble damages issue. It wasn't argued. Would the court like me to address that in my time or not? I'll do it or not. I don't think any of us has any questions about that. Unfortunately, I spent a lot of time working on that, in case you had questions. But I won't address it. In summary, the conduct of the trial court is conduct that does not amount to an abusive discretion under all the various standards and theories and uses that the Ninth Circuit has applied with respect to allowing the second amended complaint, with respect to allowing the introduction of the criminal plea agreement, and with respect to allowing Ms. Wood to testify. Because if we look at the transcript, there was a significant difficulty for the plaintiffs in getting witnesses, defense witnesses, who they thought they had arranged, who were subpoenaed, who were out of the country. And so the court, again, the exercise of his discretion, allowed Ms. Wood to testify, because she was on a list at one point in the initial disclosure in the case. And so the case proceeded, the jury considered it, and returned its verdict. That verdict should not be disturbed, nor the judgment based thereon. Thank you. Thank you. Mr. Curry, you have some rebuttal time remaining, I believe. Just a few comments, Your Honor. Number one, it was not simply a plea agreement that was submitted. The plea agreement is the document that was filed with the court in December of 2000. There were also other documents, the attorney's letter that was submitted, the conviction, those sort of things. There was a package of documents. The documents themselves had never been revealed. The closest they came to revealing those documents, and that they were going to try to use those at trial, was they had put as an exhibit those documents subpoenaed from the U.S. Attorney's Office. And that was it. I did not see those documents until they were literally facts to me. But that was two weeks before trial. That was two weeks before trial. What was the prejudice then? At that point in time, Your Honor, I was dealing with not just those records, but as has been admitted by plaintiff's counsel, scores of other documents. I actually did not believe that it leaped out as kind of an admission of guilt. It did. And I did not believe that document or those documents would be admitted, frankly. When you look at those documents and see how they measure up against the causes of action that were pled in the complaint, it is my position I raise this at trial. Those should not have been admitted. They went far beyond the scope of what was at issue in our case. And, in fact, the criminal convictions literally had nothing to do with the basis upon which this complaint was pled. Did you have an opportunity to file a motion and limit it to prevent the introduction or did you wait until it was proffered? I actually objected to all of those exhibits on the first day because at that point in time I had that whole pile of exhibits. I understand, but did you file zero in on the prejudicial effect of the prior complaint? Only when it came to them actually taking those out, I went to the judge and at that point in time we argued quite strenuously against these documents should not come in. They go well beyond the scope of what we're dealing with here. It prejudices all of my clients quite significantly because when you read those documents they go way beyond what this case is about. And the court allowed those in based upon the statement and this is specifically in reference to the criminal documents. There may have been another lawyer representative in the criminal matter but these are matters often pertaining to their own status, knowledge, testimony. Matters that they would be expected to advise you about as their counsel and therefore the objection to using it as evidence on the grounds that although it was initially disclosed which it was not, that was incorrect. It was not referenced against in the particular manner in which this case is overruled. That is not the test. The test for a violation of a court order and the court rules is not whether or not the parties may have had some knowledge or some matter that the client would be expected to advise you on. Not when you're in trial. When you're in trial those orders, if they had been complied with back when they should have been particularly the plea agreement that you would expect appropriate motions in Luminae would be filed. Counsel, you have significantly exceeded your time. Thank you, Your Honor. We understand your position. Thanks to both counsel for your arguments. The case just argues to do it. And before we stand adjourned I want to remind the class who's here that I understand there's a tour that's been arranged for you for about 30 minutes and then we'll be back to meet with you in about half an hour. And with that we will stand adjourned for this morning's session. Thank you.
judges: Cudahy, Graber, Fisher